CHILLICOTHE BRANCH OF STATE BANK (LEE v.). See Case No. 8,187.

CHINA, The (WALSH v.). See Case No. 17,-114.

## Case No. 2,684.

### CHINN v. DARNELL.

[4 McLean, 440.][1]

Circuit Court, D. Ohio. July Term, 1848.

EJECTMENT OF PATENTEE — OCCUPYING CLAIMANT —COMPENSATION FOR IMPROVEMENTS.

1. An entry of land within the Virginia military district of Ohio, and a survey of the same before the extinguishment of the Indian title, is made void by certain acts of congress.

2. A person having such a claim is entitled, having a patent, to compensation for his improvements such as the occupying claimant law, he having acted in good faith.

Mr. Stanton, for plaintiff.

Mr. Lawrence, for defendant.

OPINION OF THE COURT. This is an ejectment to recover possession of a tract of land in the Virginia military district, between the Little Miami river and the Scioto. The lessor of the plaintiff claims under a patent dated 30th of January, 1827. The entry was made in July, 1819, and the survey was executed in 1821. The defendant's patent was dated 14th of April, 1806. His entry was made 16th of November, 1798, and the survey was executed 2d of April, 1799. The entry, survey and patent, under which the defendant claims, being of older date than the patent under which the lessor of the plaintiff claims, the counsel allege that the entry, survey and patent of the defendant were void, as the entry was made on the land whilst it was Indian Territory. By the proclamation of congress, at Princeton, the 12th September, 1783, "all persons were prohibited from making settlements on lands inhabited or claimed by Indians, without the limit or jurisdiction of any particular state, and from purchasing or receiving any gift or cession of such lands or claims, without the express authority and direction of the United States in congress assembled." By the act of the 3d of March, 1793, it is made a penal offense to treat with any Indians for the purchase of land. The same penalty is imposed, a thousand dollars, on any one who, without a license, shall settle upon the public lands by the act of 19th May, 1796. By the intercourse act of the 30th of March, 1802, and 5th section [2 Stat. 141], that any person who shall make a settlement upon Indian lands, and who shall survey or attempt to survey such lands, or designate any of the boundaries by marking trees, or otherwise, shall forfeit a sum not exceeding one thousand dollars, and be imprisoned not exceeding twelve months. By the Indian treaty at the rapids of the Maumee, on the 29th September, 1817, a

large tract of land was ceded to the United States, within which the land in controversy was situated. It seems, then, that any entry made within this territory prior to the above cession was prohibited by law, and, of course, no right could be acquired against law. The court, therefore, instructed the jury to this effect.

The jury found defendants guilty, etc. On motion, the court held that the defendant was entitled to relief under the occupying claimant law.